**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ESTHER ANN HOREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1475-M |
| | ) |
| BANK OF OKLAHOMA, and the | ) |
| OKLAHOMA CITY POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant the Oklahoma City Police Department's ("OCPD") Motion to Dismiss. Plaintiff Esther Ann Horey, proceeding *pro se*, has not filed a response. Upon review of the OCPD's Motion, the Court finds that it should be granted.

Ms. Horey brings this action under 42 U.S.C. § 1983 alleging various federal constitutional violations and breach of contract in connection with Defendants' allegedly unlawful seizure and sale of her Chevrolet Suburban. The OCPD moves the Court to dismiss it from this action pursuant to Fed. R. Civ. P. 12(b)(2) and (6) on the ground that it is not a legal entity subject to suit under § 1983.

The Tenth Circuit has held that although a municipality may be sued under § 1983, a municipal police department – independent of the municipality with which it is associated – may not. *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985), *modified on other grounds*, 778 F.2d 553 (10th Cir.), *vacated on other grounds*, *Tyus v. Martinez*, 475 U.S. 1138 (1986); *see also, e.g., West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997); *Ricketts v. City of Hartford*, 74 F.3d 1397, 1400 n.1 (2d Cir. 1996); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Therefore, even construing Ms. Horey's *pro se* Complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and accepting her factual allegations as true,

*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002), the Court finds that the OCPD must be dismissed from this action as a matter of law.

Accordingly, the Court GRANTS the OCPD's Motion to Dismiss [docket no. 14] and DISMISSES the OCPD from this action. The Court, however, grants Ms. Horey leave to file an amended complaint substituting the appropriate municipal entity (which in this case is the City of Oklahoma City) as a Defendant in place of the OCPD. Ms. Horey's amended complaint shall be filed on or before August 12, 2005.

**IT IS SO ORDERED this 25th day of July, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE