**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ESTHER ANN HOREY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-04-1475-M |
| ) | |
| BANK OF OKLAHOMA, N.A., and the ) | |
| CITY OF OKLAHOMA CITY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is "Defendant's Combined Motion to Dismiss" [docket no. 12], filed May 9, 2005, by Defendant, Bank of Oklahoma, N.A. ("BOK"). Pursuant to this Court's July 25, 2005 Order, Defendant's motion to dismiss was converted to a motion for summary judgment. As of the date of this Order Plaintiff has not filed a response despite having been specifically instructed to do so by this Court's September 13, 2005 Order. Defendant's motion is now ripe for adjudication.

I.   INTRODUCTION[1]

Pursuant to Local Civil Rule 7.2(e), the following facts are deemed admitted by virtue of Plaintiff's failure to respond to BOK's motion for summary judgment. On August 16, 2002, BOK made a loan to Plaintiff for the purpose of purchasing a 2000 Chevrolet Suburban, VIN No. 3GNEC16T8YG162218 (the "vehicle"). As part of the transaction, Plaintiff pledged the vehicle as collateral to secure the loan. In November of 2002, BOK learned that the vehicle had been seized by the Oklahoma City Police Department (the "OCPD"), which constituted a default of Plaintiff's loan. As a result of Plaintiff's default, BOK took possession of the vehicle. On November 19, 2002,

---

[1]The following facts are described in the light most favorable to Plaintiff. Immaterial facts and factual averments not supported by the record are omitted.

BOK gave notice to Plaintiff that her vehicle would be sold at a private sale.  Subsequently, the vehicle was sold to satisfy Plaintiff's indebtedness to BOK.

On November 1, 2004, Plaintiff filed the instant action asserting claims under 42 U.S.C. § 1983 and various state law tort claims.  Plaintiff alleges that BOK violated her Fourth Amendment rights to be free from unreasonable searches and seizures as well as her Fourteenth Amendment right to due process when it repossessed and sold her car.  In support of its motion for summary judgment, BOK submitted (1) the affidavit of Robb E. Brummett, a vice-president of BOK, (2) a copy of the installment contract between Plaintiff and BOK, (3) the notice BOK received from the Oklahoma Department of Public Safety informing BOK that Plaintiff's vehicle had been impounded, and (4) the notice BOK provided to Plaintiff that the vehicle would be sold at a private sale.

II.   SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *19 Solid Waste Dep't Mechanics v. City of Albequerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).  When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255; *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

By failing to respond, "the non-moving party waives the right to respond or to controvert the facts asserted in the summary judgment motion.  The court should accept as true all material facts asserted and properly supported in the summary judgment motion.  But only if those facts entitle the

moving party to judgment as a matter of law should the court grant summary judgment." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), cited in *Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

### III.   DISCUSSION

As a preliminary matter, the Court notes that Plaintiff is proceeding *pro se*. The Supreme Court of the United States has directed lower courts to hold pro se litigants' pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The pro se litigant "nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992). Further, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir.1991).

  A.  Section 1983 Claims

 BOK moves for summary judgment on Plaintiff's § 1983 claims contending the claims fail because Plaintiff cannot prove an essential element of her cause of action. Specifically, BOK asserts that there is no evidence that BOK acted under color of law. Under 42 U.S.C. § 1983, liability attaches only to conduct committed by individuals acting under color of law. *See* 42 U.S.C. § 1983; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930-32 (1982); *Pino v. Higgs*, 75 F.3d 1461, 1464 (10th Cir. 1996). Where, as here, a constitutional claim is asserted against a private party, to be classified as a state actor under color of law, the party must be jointly engaged with state officials in the conduct allegedly violating a federal right. *See Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1429 (10th Cir.1984); *see also Lugar*, 457 U.S. at 931-32. "The private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise chargeable to the State." *Pino*, 75 F.3d at 1464. A private party does not engage in state action simply by availing itself of a state procedure. *Scott v. Hern*, 216 F.3d 897, 906-07 (10th Cir. 2000); *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987).

 In the case at bar, the Complaint is devoid of allegations that BOK acted in concert with the OCPD when the vehicle was seized, or when BOK took possession of and eventually sold the vehicle. To the extent Plaintiff does allege that BOK acted in concert with the OCPD, the Court finds that the undisputed evidence is devoid of facts from which a rational trier of fact might conclude that BOK obtained significant aid from or otherwise acted in concert with the OCPD. In fact, the undisputed facts show that BOK did not even learn that the vehicle had been impounded on November 1, 2002, until November 5, 2002, when it received notice from the Oklahoma

Department of Public Safety. Additionally, the Court finds that BOK's availing itself of Oklahoma City's procedures to secure the release of the vehicle from impound does not make it a state actor. *See Scott,* 216 F.3d at 906.

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is no genuine issue of material fact as to whether BOK acted under color of law. Specifically, the Court finds that the undisputed facts, taken as a whole, could not lead a rational trier of fact to find that BOK acted under color of law when it repossessed and sold the vehicle. As such, the Court finds that BOK is entitled to summary judgment as to Plaintiff's § 1983 claims.

B.   State Law Claims

Jurisdiction over Plaintiff's state law claims arises under 28 U.S.C. § 1367(a), which provides, in part: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." According to 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

The Court's analysis above effectively disposes of all of Plaintiff's federal claims as to BOK. In a separate Order entered this day, the Court disposed of all of Plaintiff's federal claims as to Defendant City of Oklahoma City. Consequently, there are no federal claims remaining in the case at bar. Accordingly, the Court, in its discretion pursuant to 28 U.S.C. § 1367(c), declines to exercise

supplemental jurisdiction over Plaintiff's remaining state law claims against BOK and finds that such claims should be dismissed without prejudice.

IV.     CONCLUSION

For the reasons set forth in detail above, the Court finds that BOK's Combined Motion to Dismiss, converted to a motion for summary judgment [docket no. 12] should be, and hereby is, GRANTED. With respect to Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction and hereby DISMISSES these claims without prejudice. This Order effectively terminates this action as to BOK.

**IT IS SO ORDERED this 31st day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE