**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ESTHER ANN HOREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-1475-M |
| | ) |
| BANK OF OKLAHOMA, N.A., and the | ) |
| CITY OF OKLAHOMA CITY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is the Defendant City of Oklahoma City's ("OKC") Motion for Summary Judgment" [docket no. 24], filed August 24, 2005. On October 27, 2005, OKC filed an Amendment to Defendant City's Motion for Summary Judgment [docket no. 26]. As of the date of this Order, Plaintiff has not filed a response, despite having been specifically instructed to do so by this Court's September 13, 2005 Order. Defendant's motion is now ripe for adjudication.

I.  INTRODUCTION[1]

On November 1, 2004, Plaintiff filed the instant action, asserting various claims under 42 U.S.C. § 1983 and various state law tort claims. Plaintiff alleges that OKC violated her Fourth Amendment rights to be free from unreasonable searches and seizures as well as her Fourteenth Amendment right to due process when it seized her car for "no legal reason." Complaint at 2.

Pursuant to Local Civil Rule 7.2(e), the following facts are deemed admitted by virtue of Plaintiff's failure to respond to OKC's motion for summary judgment. On October 25, 2002, Plaintiff's son, William Derek Horey, was observed at a restaurant sitting in a parked 2000

---

[1] The following facts are either undisputed or are described in the light most favorable to Plaintiff. Immaterial facts and factual averments not supported by the record are omitted.

Chevrolet Suburban, Oklahoma Tag No. 915ZEW (the "vehicle"). Oklahoma City police officer Brent Henry attempted to make contact with Mr. Horey as he exited the vehicle. The officer asked Mr. Horey for identification and to explain what he was doing. Mr. Horey stuck his hand in his pocket and ran. Officer Henry gave chase, caught up to Mr. Horey and, after a brief struggle, handcuffed him and rolled him over. Three plastic bags containing large rocks which field tested positive for crack cocaine were found where Mr. Horey had been lying. Mr. Horey was arrested,[2] and the vehicle was impounded. On October 28, 2002, Plaintiff signed the Motor Vehicle Impound Report, and the vehicle was released to her.[3]

On November 1, 2002, the Oklahoma City Police Department planned to execute a search warrant on Mr. Horey's residence in Oklahoma City. Prior to execution of the warrant, Oklahoma City Police officers observed Mr. Horey leave the residence and get into the vehicle. The officers attempted to stop the vehicle, but Mr. Horey fled. Police saw Mr. Horey's passenger throw several items out of the passenger side window. These items, including two plastic bags each containing 124 grams of cocaine base and one plastic bag containing 6 grams of marijuana, were later recovered. Mr. Horey and his passenger were arrested,[4] and the vehicle was, once again,

---

[2] As a result of Mr Horey's arrest, the Oklahoma County District Attorney filed an Information against him. On January 21, 2005, Mr. Horey pled guilty.

[3] OKC's procedures regarding release of an impounded vehicle are published in Oklahoma City's Municipal Code at § 31-110. The ordinance provides for a hearing to contest the impoundment if requested by marking the appropriate box on the Motor Vehicle Impound Report. Plaintiff did not mark the box.

[4] As a result of Mr Horey's November 1 arrest, the United States filed a Complaint against him. On April 1, 2004, Mr. Horey pled guilty.

impounded.[5]

Pursuant to OKC's published policies and procedures, the OKC Police Department notified the Oklahoma Department of Public Safety that the vehicle had been impounded, who in turn notified Plaintiff, as the owner of the vehicle, and Bank of Oklahoma, N.A. ("BOK") as the lien holder. BOK subsequently obtained title to the vehicle, and on November 15, 2005, BOK presented its title along with a letter stating that BOK was the registered owner of the vehicle to the wrecker that impounded the vehicle on behalf of the OKC Police Department. An Oklahoma City police officer authorized release of the vehicle to BOK.

II.     SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *19 Solid Waste Dep't Mechanics v. City of Albequerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255; *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

By failing to respond, "the non-moving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the

---

[5] Mr. Horey's residence was subsequently searched. OKC police officers found two sets of expensive wheels which appeared to be assets purchased with money earned from the sale of narcotics. The wheels were placed in the back of the vehicle.

moving party to judgment as a matter of law should the court grant summary judgment." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), cited in *Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

As a preliminary matter, the Court notes that Plaintiff is proceeding *pro se*. The Supreme Court of the United States has directed lower courts to hold pro se litigants' pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The pro se litigant "nevertheless must follow the same rules of procedure that govern other litigants." *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir.1992). It is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir.1991).

    A.    Section 1983 Claims

        1.    Fourth Amendment Claims

The Fourth Amendment prevents only unreasonable searches and seizures.[6] It does not prevent the impound of vehicles by police when the occupants thereof are arrested. *See Michigan v. Thomas*, 458 U.S. 259 (1982). Nor does it prevent the seizure of vehicles used in the commission of a crime such as the distribution of a controlled substance. *See United States v. Ross*, 456 U.S. 798, 806-807 (1982).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is no genuine issue of material fact as to whether the seizure of Plaintiff's vehicle was reasonable. The undisputed facts establish that both occupants of Plaintiff's vehicle were arrested and that William Horey, Plaintiff's son, was using the vehicle to distribute a controlled dangerous substance. The Court finds that these undisputed facts, taken as a whole, could not lead a rational trier of fact to find that OKC's seizure of Plaintiff's vehicle was not reasonable. As such, the Court finds that OKC is entitled to summary judgment as to Plaintiff's § 1983 claims based on violation of her Fourth Amendment rights.

        2.    Fourteenth Amendment Claims

Upon review of Plaintiff's Complaint, the Court finds that Plaintiff has failed to allege any recognized theory of municipal liability under the due process clause of the Fourteenth Amendment.[7]

---

[6] The Court finds that it need not address the reasonableness of any search of the vehicle because Plaintiff does not allege that OKC conducted a search of the vehicle.

[7] Although *pro se* litigants' pleadings are held to less stringent standards, the Court "will not supply additional facts, nor will [it] . . . construct a legal theory for plaintiff that assumes facts that

Accordingly, the Court finds that Defendant is entitled to summary judgment on Plaintiff's § 1983 claims based on violation of her Fourteenth Amendment rights.

Notwithstanding the foregoing, to the extent Plaintiff is challenging OKC's published policies regarding impoundment of vehicles and release thereof, the Court finds that Plaintiff was aware that she could have requested a hearing to contest the validity of the seizure,[8] but she chose not to do so. As such, the Court finds she has waived any such claim. *See Weinrauch v. Park City*, 751 F.2d 357, 360 (10th Cir. 1984) (holding that availability of post-towing hearing satisfied requirements of due process, and that plaintiff's failure to avail herself of post-impoundment procedures, of which she would have been aware if she properly obtained vehicle's release, meant that she could not complain of alleged inadequacy of procedures).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that the undisputed facts, taken as a whole, establish that Plaintiff was aware that she could request a hearing to contest the seizure of the vehicle and that Plaintiff failed to make any such request. As such, the Court finds that a rational trier of fact could not find that Plaintiff's Fourteenth Amendment due process rights were violated. The Court, therefore, finds that OKC is entitled to summary judgment as to Plaintiff's § 1983 claims based on violation of her Fourteenth Amendment rights.

    B.    State Law Claims

        The Court's analysis above effectively disposes of all of Plaintiff's federal claims as

---

have not been pleaded." *Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] Notice of the availability of a hearing was provided on the form Plaintiff signed to obtain the release of the vehicle on October 28, 2002.

to OKC. In a separate Order entered this day, the Court disposed of all of Plaintiff's federal claims as to Defendant Bank of Oklahoma, N.A.. Consequently, there are no federal claims remaining in the case at bar. Accordingly, the Court, in its discretion pursuant to 28 U.S.C. § 1367(c), declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against OKC and finds that such claims should be dismissed without prejudice.

IV.     CONCLUSION

For the reasons set forth in detail above, the Court finds that Defendant City of Oklahoma City's Motion for Summary Judgment [docket no. 24] should be, and hereby is, GRANTED. With respect to Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction and hereby DISMISSES these claims without prejudice. This Order effectively terminates this action as to OKC.

**IT IS SO ORDERED this 31st day of March, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE